# United States District Court
## for the Northern District of Oklahoma

Case No. 25-cv-658-JDR-CDL

Nic Vic Neil,

*Plaintiff,*

*versus*

Tulsa Skelly Hotel LLC; ARTI Investment Properties LLC; Sunny Investment Properties LLC; Champion Hotels Management & Development; Navnit Bhagat; Smitra Bhagat,

*Defendants.*

## OPINION AND ORDER

Plaintiff Nic Vic Neil, proceeding *pro se*,[1] sued Tulsa Skelly Hotel LLC, ARTI Properties, LLC, Sunny Investment Properties, LLC, Champion Hotels Management & Development, Navnit Bhagat, and Smitra Bhagat for violations of Title VII of the Civil Rights Act of 1964 and the Family Medical Leave Act. Dkt. 11.[2] Mr. Neil served all parties, but Sunny Investment and Champion Hotels failed to respond timely. The Clerk entered default against Sunny Investment and Champion Hotels on Mr. Neil's motion. Dkts. 39, 43. Sunny Investment and Champion Hotels now move to set aside the entries of default [Dkt. 46] while Mr. Neil moves for a default judgment and a hearing

---

[1] Since Mr. Neil proceeds *pro se*, the Court must construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). But the Court must not "assume the role of [his] advocate" while doing so. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] All citations use CM/ECF pagination.

No. 25-cv-658

on Sunny Investment's and Champion Hotels' liability. Dkt. 47. Citing alleged issues with Sunny Investment's and Champion Hotels' representation, Mr. Neil moves to strike their response to his motion for a default judgment. Dkt. 59. Separately, ARTI and the Bhagats jointly move to dismiss Mr. Neil's claims against them [Dkt. 16]. The Court denies ARTI's and the Bhagats' motion to dismiss the FMLA claims against the Bhagats and all claims against ARTI. The Court grants the motion to dismiss the Title VII claims against the Bhagats. The Court denies Mr. Neil's motion to strike Sunny Investment's and Champion Hotels' response and grants Sunny Investment's and Champion Hotels' motion to set aside the Clerk's entries of default. The Court denies as moot Mr. Neil's motion for a default judgment and hearing.

I

To survive a motion to dismiss, Mr. Neil's complaint must plead facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins*, 519 F.3d at 1247. In other words, the Court must determine whether, taking all well-pleaded allegations as true, the complaint provides a "reason to believe that [Mr. Neil] has a reasonable likelihood of mustering factual support for [his] claims." *Ridge at Red Hawk, L.L.C. v. Schnieder*, 493 F.3d 1174, 1177 (10th Cir. 2007).

A[3]

Mr. Neil spent six years working at the Comfort Inn Midtown in Tulsa, a hotel operated by Tulsa Skelly Hotel LLC. Dkt. 11 at 5. During that time Mr. Neil was not disciplined or warned for any behavior and did not receive any negative performance evaluations. *Id.* Starting in October 2023, he began to receive sexual advances from and was subjected to explicit comments by a

---

[3] The following section summarizes the allegations as they are set forth in Mr. Niel's First Amended Complaint [Dkt. 11]. The Court accepts these facts as true solely for purposes of this order. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010).

No. 25-cv-658

coworker. *Id.* He informed the Bhagats, who own and manage the hotel, of the incidents both in person and in the hotel's written log. *Id.* at 5-6. The Bhagats took no remedial action and then put the alleged harasser "in a supervisory role over" Mr. Neil over his explicit objection. *Id.* at 6. Mr. Neil subsequently sent the Bhagats a written complaint by email. *Id.*

A month later, Mr. Neil requested medical leave and provided a physician's note stating he could return to work the next month. *Id.* Mr. Bhagat terminated Mr. Neil's employment later the same day. *Id.* at 7. Mr. Neil then made an unemployment claim, to which Mr. Bhagat responded that he was fired because he was a "No Call/No Show" on January 11, 2024. *Id.* Later, in response to an EEOC letter, Mr. Bhagat stated that Mr. Neil had been placed on a 10-day leave on January 11 and was terminated on January 21 for a failure to return. *Id.*

Mr. Neil alleges that the Defendants collectively subjected him to a hostile work environment by failing to respond to his co-worker's sexual harassment, retaliated against him in violation of Title VII by terminating him for his reporting of sexual harassment, interfered with his attempted exercise of his FMLA rights by terminating him when he sought to invoke them, and retaliated against him for his invocation of his FMLA rights by terminating his employment. *Id.* at 8-12.

B

The Bhagats' motion to dismiss argues that they cannot be liable under Mr. Neil's claims because they are "individual employees" or "supervisors" who are not liable as employers under Title VII or the FMLA. Dkt. 16 at 2. In general, "supervisors and other employees may not be held personally liable under Title VII." *Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079, 1083 n.1 (10th Cir. 2007) (Gorsuch, J.). Mr. Neil alleges in his complaint that Mr. Bhagat is, among other titles, the Managing Member of Tulsa Skelly Hotel LLC, the "Owner/Controller" of ARTI, and "an 'employer' as defined

No. 25-cv-658

by the FMLA." Dkt. 11 at 3. Ms. Bhagat was the "Front Office Manager and Housekeeping/Laundry Manager" of the Comfort Inn Midtown, though he does not allege that Ms. Bhagat had an ownership stake in any entity. *Id.*

But even if both Bhagats had ownership, it would make no difference. In a similar case, where a plaintiff wished to sue a defendant in his personal capacity and alleged he was properly considered an employer because the defendant owned a portion of the company, the District of Kansas rejected "the proposition that [the defendant's] purported stock ownership renders him individually liable under Title VII." *Hall v. United Parcel Serv.*, No. CIV.A. 99-2467-CM, 2000 WL 554091, at *2 (D. Kan. Apr. 26, 2000) (citing *Sullivan v. Presstronics, Inc.*, No. 96 C 7436, 1997 WL 327126, at *1 (N.D. Ill. June 11, 1997) (rejecting the same argument for "officers and owners of 'small closely held corporations.'")). Other courts have come to the same conclusion. *See Manns v. The Leather Shop Inc.*, 960 F. Supp. 925, 928 (D.V.I. 1997) (holding "[i]ndividual liability may also not be imposed on employers even if they are the sole owners of the business."); *Humphreys v. Med. Towers, Ltd.*, 893 F. Supp. 672, 688 (S.D. Tex. 1995), *aff'd*, 100 F.3d 952 (5th Cir. 1996) (holding "[t]he fact that [the defendant] controlled the operations of [the plaintiff's] employer, and is the sole shareholder and president of [the employer] is insufficient . . . to impose individual liability upon him under Title VII.").

Although the motion to dismiss is titled as a motion to dismiss all claims against the Bhagats [Dkt. 16 at 1], the body of the motion argues only that they are immune from liability for Mr. Neil's Title VII hostile work environment and retaliation claims and makes no mention of Mr. Neil's FMLA claims. *Id.* at 2-3. But even assuming the Bhagats intended to raise the same argument, this Court has recently held that "[a]lthough the Tenth Circuit has not conclusively ruled that supervisors are subject to FMLA claims, other courts within the Tenth Circuit have found that the majority of circuit courts have concluded that individual supervisors may be held liable as 'employers' under the FMLA." *Barnes v. Mayes Emergency Servs. Tr. Auth.*, No. 25-cv-

4

No. 25-cv-658

117-JDR-JFJ, 2026 WL 579938, at *2 (N.D. Okla. Mar. 2, 2026) (quoting *Miles v. Unified Sch. Dist. No. 500, Kansas City, Kansas*, 347 F. Supp. 3d 626, 630 (D. Kan. 2018)); *see also Saavedra v. Lowe's Home Centers, Inc.*, 748 F. Supp. 2d 1273, 1284 (D.N.M. 2010) (collecting cases). So, unlike Mr. Neil's Title VII claims, the Bhagats can be liable for FMLA violations in their role as supervisors.

Mr. Neil's argument that the Bhagats are individually liable under Title VII cannot overcome cases like *Hall*, *Sullivan*, and *Humphrey* because the Bhagats are not his formal employer under Title VII. But the same argument is not a viable defense against his FMLA claims because supervisors can be liable for FMLA violations. The Court grants the Bhagats' motion to dismiss Mr. Neil's Title VII claims but denies dismissal of his FMLA claims.

## C

For its motion to dismiss, ARTI argues it cannot be liable for Mr. Neil's claims because it was not referred to within the text of the EEOC complaint and because the allegations in Mr. Neil's complaint do not overcome Mr. Neil's failure to name ARTI in the EEOC complaint. Dkt. 16 at 3. ARTI therefore argues that Mr. Neil did not exhaust his administrative remedies before filing. *Id.* The Tenth Circuit has held that although a party must be on notice that it is subject to the original EEOC charge, "omission of a party's name from the EEOC charge does not automatically mandate dismissal of a subsequent action under Title VII." *Faragalla v. Douglas Cnty. Sch. Dist. RE 1*, 411 F. App'x 140, 158 (10th Cir. 2011) (quoting *Romero v. Union Pac. R.R.*, 615 F.2d, 1303, 1311 (10th Cir. 1980)). To decide this, the Court must consider four factors under *Faragalla* and *Romero*: (1) "whether the role of the unnamed party could [reasonably] be ascertained at the time of the filing of the EEOC complaint;" (2) whether the interests of the unnamed is "so similar to" that of a named party that they would be "unnecessary to include" for the purpose of "obtaining voluntary conciliation and compliance;" (3) "whether its absence from the EEOC proceedings resulted in actual

No. 25-cv-658

prejudice to the interests of the unnamed party;" and (4) "whether the un-named party has in some way represented to the complainant" that the named party represents it. *Id.* at 159. ARTI's entire argument restates two of these factors without actually raising an argument about their applicability or lack thereof to Mr. Neil's situation or directing the Court to any deficiencies in Mr. Neil's complaint.

Mr. Neil alleges that ARTI is a co-owner of Tulsa Skelly Hotel LLC and is itself owned by Mr. Bhagat. Dkt. 11 at 2. The particular makeup of a defendant's corporate structure is not something that could be reasonably in-tuitable to an EEOC complainant, and the Court does not believe that ARTI's role could be reasonably ascertained by Mr. Neil when he filed his complaint. For the same reason, ARTI's interests are likely identical to those of Mr. Bha-gat and Tulsa Skelly Hotel, and its absence from the EEOC proceedings could not prejudice its interests. The only factor that cuts against Mr. Neil is that he has not made any suggestion that ARTI represented to him that it was rep-resented by Tulsa Skelly Hotel. Dkt. 11. But in light of ARTI's place in the Tulsa Skelly Hotel ownership structure and the lack of any prejudice to its interests, the Court does not see the fourth factor as providing any material weight.

The *Faragalla* and *Romero* factors favor Mr. Neil. The Court therefore holds that he was not required to exhaust his administrative remedies against ARTI and denies ARTI's motion to dismiss.

## II

The remaining motions involve the failure of two defendants, Sunny Investment and Champion Hotels, to file a timely response or motion after being served with the complaint. Mr. Neil successfully sought a Clerk's entry of default against each of the two defendants [Dkts. 39, 43], and only after those defaults were entered did Sunny Investment and Champion Hotels move to set aside the entries of default. Dkt. 46. In response, Mr. Neil moved

No. 25-cv-658

for a hearing and for a default judgment. Dkt. 47. After Sunny Investment and Champion Hotels responded to that motion, Mr. Neil moved to strike the response. Dkt. 59. The Court will first address Mr. Neil's motion to strike and then Sunny Investment's and Champion Hotels' motion to set aside the Clerk's entries of default. The Court denies Mr. Neil's motion to strike, grants the motion to set aside the entries of default, and denies the motion for default judgment and hearing as moot.

## A

Mr. Neil moves to strike Sunny Investment's and Champion Hotels' response to his motion for hearing and default judgment on the basis that the response "was filed under a representation structure that was materially inaccurate." Dkt. 59 at 1. He levies two arguments for why the representation is inaccurate: that Defendants' attorney Stephan Wangsgard has left the law firm of Gordon Rees and that a new attorney, Travis Mendoza, has been participating in this matter. *Id.* at 4-5. But neither of these reasons present an issue to the Court, let alone support striking the response.

First, Mr. Wangsgard may very well have departed Gordon Rees. But a lawyer's departure from a law firm representing a client does not end that lawyer's representation of the client when he has made a formal appearance. Mr. Wangsgard is still a counsel of record in this case and shares responsibility with Mr. Bragalone for all filings until and unless he withdraws. That his employment relationship with Gordon Rees may have changed does not affect his status in this case or before this Court, and so the Court sees no issue meriting the harsh sanction of striking the response.

Second, Mr. Mendoza's participation likewise causes no issues. The local rules do not preclude other attorneys who have not filed an appearance from working on a matter for their firm or from communicating with clients or counterparties. They only require that any attorney whose name appears on the brief as counsel of record enter an appearance on the docket. Mr.

No. 25-cv-658

Mendoza has not signed any filings before this Court and has not been repre-sented to this Court as counsel of record. He is not required to enter his ap-pearance on the docket. His lack of an appearance thus presents no problem to the Court.

Since neither proffered basis for striking the filing supports doing so, the Court denies Mr. Neil's motion to strike Sunny Investment's and Cham-pion Hotels' response to his motion for hearing and default judgment.

### B

Turning to the substantive motions, Sunny Investment and Champion Hotels move to set aside the Clerk's entries of default, arguing that there is good cause under Rule 55(c) because their failure to answer was inadvertent, Mr. Neil will not suffer any prejudice from litigating this case on the merits, and Sunny Investment and Champion Hotels each appear to have meritorious defenses to the claims against them. Dkt. 46 at 2. The Court concurs and grants the motion to set aside the Clerk's entries of default.

The entry of default judgment against a party is disfavored. *Polaski v. Colorado Dep't of Transp.*, 198 F. App'x 684, 685 (10th Cir. 2006). "[D]efault judgment must normally be viewed as available only when the adversary pro-cess has been halted because of an essentially unresponsive party" and the diligent party "must be protected lest he be faced with interminable delay and continued uncertainty as to his rights." *In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991) (quoting *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)).

Rule 55(c) of the Federal Rules of Civil Procedure permits setting aside a Clerk's entry of default "for good cause." Fed. R. Civ. P. 55(c). This standard is "not particularly onerous." *Cannon v. SFM, LLC*, No. 18-2364-JWL, 2018 WL 5791614, at *1 (D. Kan. Nov. 5, 2018). To determine if good cause to set aside the entry of default exists, "courts may consider, among other things 'whether the default was willful, whether setting it aside would

prejudice the adversary, and whether a meritorious defense is presented.'" *Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014) (quoting *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009)).

On the first factor, Sunny Investment and Champion Hotels aver that their "failure to timely answer resulted from an inadvertent docketing error" as "the validity of service on Sunny [Investment] and Champion [Hotels] was actively in dispute until March 17, 2026" when Mr. Neil filed an amended affidavit of service and "Defendants' counsel failed to calendar a response deadline after those amended affidavits were filed." Dkt. 46 at 4. Mr. Neil argues that the appropriate deadline was after service but before the amended affidavits of service were filed and that the Defendants' delay was thus unreasonable. Dkt. 48 at 3. But absent waiver of service, "a defendant has no duty to answer until properly served." *Cox v. Armstrong*, No. 24-4070, 2024 WL 5002617, at *3 (10th Cir. Dec. 6, 2024). It follows that a dispute over the validity of service does not support an entry of default. Since the parties have not given the Court insight into the nature of the dispute over the original service, the Court cannot find that the dispute was not in good faith without more. Although the Court does not vouchsafe counsel's failure to appropriately keep track of timelines, the Court does not believe that default is an appropriate sanction under these circumstances.

On the second factor, the Court sees no reason why setting aside the entries of default would prejudice Mr. Neil. Mr. Neil argues that he is prejudiced because he had already filed a motion for default judgment and request for damages—but this is not the kind of prejudice about which the Court is concerned. Mr. Neil's case is not prejudiced by virtue of mooting his motion for default judgment when he will still be able to litigate his claims on the merits. *Chavez v. Dennis*, No. CIV-05-186 MCA/ACT, 2006 WL 8444274, at *3 (D.N.M. Apr. 6, 2006) (quoting *Jackson v. Delaware Cnty.*, 211 F.R.D. 282, 283 (E.D. Pa. 2002) ("The fact that a plaintiff will have to litigate an action on the merits rather than proceed by default does not constitute prejudice.")).

No. 25-cv-658

Separately, Mr. Neil argues that the delay meant that Sunny Investment and Champion Hotels "were not required to implement litigation holds covering evidence relevant to their specific liability[] and were not required to take any affirmative steps to preserve evidence of their relationship to [Mr. Neil's] employment." Dkt. 48 at 5. In turn, this created a "period during which two defendants with potential independent access to relevant evidence were effectively absent from the litigation" meaning that Mr. Neil "cannot recover the evidentiary value of evidence that may have been lost, destroyed, or allowed to become unavailable during that period." *Id.* at 6.

But a mere assertion that a party could have destroyed or lost access to unidentified evidence without supporting facts is not sufficient for the Court to hold that Mr. Neil was prejudiced by the delay. Mr. Neil has not alleged any facts to indicate that evidence has been lost or corrupted as a result of the delay, and the Court cannot find prejudice on bare assertions. *Cf. Ward v. Lutheran Med. Ctr.*, No. 18-cv-00232-CMA-STV, 2019 WL 7630809, at *3 (D. Colo. Dec. 12, 2019), *report and recommendation adopted,* No. 18-cv-00232-CMA-STV, 2020 WL 1951580 (D. Colo. Apr. 23, 2020) (denying a motion for default judgment and setting aside an entry of default in part as Plaintiff had not demonstrated any prejudice to his case). Since requiring Mr. Neil to litigate his claims on the merits is not prejudicial and Mr. Neil cannot rely on bare assertions of potential prejudice, the Court does not find that setting aside the entries of default is prejudicial to his case.

The third and last factor is whether the moving parties present a meritorious defense. *Watkins*, 551 F. App'x at 958. To do so at this stage, Defendants "need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense." *Crutcher v. Coleman*, 205 F.R.D. 581, 585 (D. Kan. 2001). Sunny Investment and Champion Hotels allege three defenses: that Mr. Neil was not employed by either of them, that Mr. Neil failed to exhaust his administrative remedies against them, and that Mr. Neil's complaint does not state a claim against them. Dkt. 46 at 5-6. Mr. Neil

No. 25-cv-658

argues that he has pleaded sufficient facts to indicate the entities are part of a greater integrated enterprise that employed him, that *Romero v. Union Pac. R.R.*, 615 F.2d 1303 (10th Cir. 1980) relieves him of the requirement to name them in his EEOC charge, and that a statement that a party has failed to state a claim is insufficient to plausibly suggest facts providing a cognizable defense as required by *Crutcher*, 205 F.R.D. at 585. Dkt. 48 at 6-8.

Each one of the defense's arguments plausibly suggests the presence of facts or defenses that could preclude either Sunny Investment or Champion Hotels from liability. The best place for the Court to address these issues is on a filing with a higher standard, such as a motion to dismiss. Since Sunny Investment's and Champion Hotels' default was inadvertent, Mr. Neil will not be prejudiced, and Sunny Investment and Champion Hotels have plausibly suggested they have meritorious defenses, the Court grants the motion to set aside the Clerk's entries of default. Consequently, the Court denies Mr. Neil's motion for a default judgment and hearing as moot.

## III

For the reasons stated above, the Court grants the Bhagats' and ARTI's motion to dismiss the Title VII claims against the Bhagats and denies it in all other respects. Dkt. 16. The Court also denies Mr. Neil's motion to strike [Dkt. 59], grants Sunny Investment's and Champion Hotels' motion to set aside the entries of default [Dkt. 46], and denies Mr. Neil's motion for default judgment and hearing [Dkt. 47] as moot. The Court vacates the Clerk's entries of default [Dkts. 39, 43] from the record.

DATED this 14th day of May 2026.

JOHN D. RUSSELL
*United States District Judge*

11